# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| SHERI CASH, Individually and on behalf of all those similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-04-0932 |
| ALLIED INTERSTATE, INC., | § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant, Allied Interstate, Inc.'s ("Allied"), Response to the Court's Order Regarding Summary Judgment, and Motion for Summary Judgment (Dkt. #37), and Plaintiff, Sheri Cash's ("Cash"), Motion for Summary Judgment  (Dkt. #38).  After considering the parties' arguments and the applicable law, the Court is of the opinion that summary judgment in favor of Cash is appropriate.  Therefore, Allied's motion is DENIED, and Cash's motion is GRANTED.

## Background

On May 18, 2005, this Court entered a Memorandum and Order ("M&O") indicating that it considered summary judgment appropriate on the issue of whether Allied's debt collection letter violated 15 U.S.C. § 1692e(10).  The Court, however, noted that Cash had not specifically moved for summary judgment on the specific issue described in the M&O.  Therefore, the Court placed Allied on notice of its intent to enter summary judgment *sua sponte*, and allowed Allied an opportunity to respond and explain why summary judgment was not appropriate on that issue.  On June 24, 2005, Allied responded to this Court's earlier M&O and also moved for summary judgment on the entire case.  Cash filed her reply to Allied's response, as well as her own summary judgment motion on June 28, 2005.

**Discussion**

In response to this Court's previous M&O, Allied asserts that it would be improper for the Court to enter summary judgment on the issue of liability in favor of Cash because no pleadings or evidence exists to support the proposed summary judgment.  With regard to the pleadings, Allied maintains that "[t]his theory of the case was never plead [sic] by [Cash], and was raised *sua sponte* by the Court after the parties filed motions for summary judgment on all of the liability issues raised by [Cash] in the case."  According to Allied, even if the issue had been raised in the pleadings, the record does not contain "any proper summary evidence on th[e] issue, such as a survey of consumers as to whether they felt the letter created the false sense of urgency put forward by the Court . . . ."  The Court disagrees, and concludes that summary judgment in favor of Cash is appropriate on the issue of liability.

First, the record in this case undermines Allied's contention that the particular theory at issue under § 1692e(10) was not pleaded or even raised at all by Cash.  In Cash's complaint, she specifically claims that Allied created a false sense of urgency by using the words "Final Notice" in capital letters at the top of the collection letter and stating that it "highly recommend[s]" that Cash "take this final opportunity to resolve this matter before further action is taken." Cash then alleges that "[t]his language combined to create a false sense of urgency to pay the account within 10 days or the attorney that the account was referred to would take legal action."  Allied apparently contends that this language from the complaint is not broad enough to support a claim under § 1692e(10) for falsely representing that the letter constituted Cash's sole and final chance to pay the debt, when, in fact, it was not.  Allied's interpretation of the complaint, however, is too narrow.  Given the facts alleged in the complaint and the portions of the letter cited in the complaint by Cash in the section addressing her § 1692e(10) claim, the Court finds that the issue outlined in the M&O was pleaded by Cash.

That Cash's complaint encompassed such a theory is further supported by an argument

advanced by Cash in her Response to Defendant's Motion for Summary Judgment. (Dkt. #29). In it, Cash states:

> 46.        Allied offers no argument to refute Ms. Cash's claim in her complaint that under 15 U.S.C. § 1692e(10) that the "Final Notice" letter created false sense of urgency. Allied does not challenge this claim in its motion for summary judgment. Allied does not raise this challenge, because it knows the TF letter creates a false sense of urgency.

> 47.        Allied places the words "FINAL NOTICE" in bold, capitalized letters at the top of the TF letter. Allied represented to Ms. Cash in the letter that this was her "final opportunity to resolve this matter before further action is taken." The letter continued, recommending to Ms. Cash that she remit the balance in full within 10 days "before further action is taken." Nevertheless, the summary judgment evidence shows: (a) Allied did not close and return the account within 10 days, (b) Allied did not make recommendations to Memorial Hermann of "further action" within 10 days, and (c) the TF letter was not Ms. Cash's last opportunity to resolve the account.[1]

Despite Allied's contention that the "theory" at issue was raised by the Court, it is evident from the language cited above that it was, in fact, Cash who advanced the § 1692e(10) claim under consideration.[2] Although raised by Cash in her response and, in the Court's estimation, pleaded in her complaint, the Court noted in its earlier M&O that Cash had not, at the time, affirmatively moved for summary judgment on that ground. As a result, after noting the absence of fact issues, the Court indicated its intent to enter summary judgment *sua sponte* on the issue, provided that Allied's response did not convince the Court that doing so was unwarranted. Yet Allied misconstrues this as the Court raising the issue itself, rather than the Court simply raising the appropriateness of summary judgment on an issue already contained in the pleadings.

Allied's position regarding the lack of evidence to support summary judgment on the § 1692e(10) claim is also unfounded. As the Court has already noted, the standards recognized by the

---

[1]Dkt. #29, p. 28 (internal citations omitted).

[2]In its response to the Court's M&O, Allied notes that Cash "does briefly make an argument similar to this at the end of her response to Allied's motion for summary judgment."

Fifth Circuit for evaluating potential Fair Debt Collection Practices Act ("FDCPA") violations require that the debt collector's representations be viewed objectively from the perspective of a consumer with "below average sophistication or intelligence."  *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997).  In conducting such evaluations, some courts have recognized the need for summary judgment evidence in the form of consumer surveys or expert witness testimony.  *See, e.g.*, *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 415 (7th Cir. 2005); *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574-75 (7th Cir. 2004).  Yet even these courts, as well as other courts, acknowledge that summary judgment in favor of the plaintiff is appropriate when a debt collection letter clearly violates the FDCPA.  *Id.*; *see also Avila v. Rubin*, 84 F.3d 222, 226-27 (7th Cir. 1996) (finding violation of § 1692e as a matter of law when letter created false and misleading impression in light of underlying facts); *Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488, 495-96 (5th Cir. 2004) (noting absence of disputed fact issues and concluding that defendant made false or misleading statements in violation of § 1692e(10)).

The summary judgment evidence in this case is comprised of the letter and the undisputed facts relating to the disposition codes, which make the letter false.  As the previous M&O explained, several aspects of the letter serve the obvious purpose of creating the impression that it constitutes the last chance for a debtor to pay the account: (1) the "Final Notice" at the top of the letter; (2) the representation that it was the "final opportunity to resolve th[e] matter before further action is taken"; and (3) two examples of further action that do not suggest the possibility of additional payment opportunities.  The undisputed evidence, however, indicates that the letter was not Cash's last opportunity to resolve the account.  In fact, Allied does not dispute that recipients of the letter whose accounts later received the "UR" disposition code would have additional opportunities to make

payments,[3] only that the least sophisticated consumer would not think that it was the last chance to pay. Given language of the debt collection letter, as well as the underlying facts regarding the continued collection efforts that would follow with at least two of the disposition codes, the Court is satisfied that the clear intent of Allied's letter is to create the impression that it constitutes Cash's final opportunity to resolve the debt, which the Court finds is false and misleading.  As such, Cash's § 1692e(10) claim is resolvable as a matter of law, and summary judgment in Cash's favor is appropriate without the "conclusive evidence" that Allied maintains is necessary.

## Conclusion

For the foregoing reasons, summary judgment in Cash's favor is GRANTED.  Thus, Allied's motion is DENIED, and Cash's motion is GRANTED.

It is so ORDERED.

Signed this 19th day of July, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that the "EX" disposition code, which was not used on Cash's account, also appears to have provided additional opportunities to pay.  According to Allied, the "EX" code was "a rarely used code that indicated for Memorial to follow up with in-house analysis and collection efforts."  Dkt. #28.  In contrast to the "EX" and "UR" codes, the "JU" code, which referred the account to a company for review for possible legal action, arguably complies with Allied's representation that it constitutes the debtor's final opportunity to pay the debt.  However, the evidence indicates that the "UR" code was used on over 15,000 accounts between March 2003 to July 2004, as opposed to just over 2,000 accounts that received the "JU" code during the same time period.  Dkt. #14, Ex. C.